IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON C. AMEDEE,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>        Defendants.<br>_____/ | No. C 13-3040 CW<br><br>ORDER APPROVING<br>NOTICE OF PENDENCY<br>OF ACTION (Docket<br>No. 35) |

On December 23, 2013, Plaintiff Jon Amedee, proceeding pro se, filed an ex parte request for this Court to approve his notice of pendency of action.  This request is GRANTED.

Section 405.20 of the California Code of Civil Procedure provides that a "party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged."  The purpose of such a filing is to give "constructive notice" to the public "that an action has been filed affecting title or right to possession of the real property described in the notice."  BGJ Associates, LLC v. Superior Court, 75 Cal. App. 4th 952, 966 (1999). Under California law,[1] "A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, [or] (b) it is signed by a party acting in propria persona and approved by a judge" of the court where the real property action is pending.  Cal. Civ. Proc. Code § 405.21.

---

[1] Federal courts follow state law in matters concerning these notices of pending actions affecting title to real property.  28 U.S.C. § 1964; see also Cal. Civ. Proc. Code § 405.5 ("This title applies to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts of this state.").

1   Because Plaintiff has asserted claims in this action that would potentially affect title to real property, see Docket No. 22, First Am. Compl. ¶¶ 90-92, and is currently proceeding pro se, the Court approves his notice of pendency of action regarding the property at 9012 Palmera Court, Oakland, California 94603. Nothing in this order should be construed as an indication that Plaintiff's claims have merit.

## CONCLUSION

For the reasons set forth above, Plaintiff's ex parte request for approval of his notice of pendency of action (Docket No. 35) is GRANTED.  Plaintiff may submit a copy of this order to the county recorder's office as evidence of the Court's approval.

Before recording the notice of pendency of action, Plaintiff must serve a copy of the notice on all Defendants, as required by section 405.22 of the California Code of Civil Procedure.  See Cal. Civ. Proc. Code § 405.22 ("[T]he claimant shall, prior to recordation of the notice, cause a copy of the notice to be mailed, by registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll.").

IT IS SO ORDERED.

Dated: 12/30/2013

CLAUDIA WILKEN
United States District Judge