IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JON C. AMEDEE,

      Plaintiff,

   v.

CITIMORTGAGE, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; MORGAN STANLEY; and DOES 1-
50,

      Defendants.

_____/

No. C 13-3040 CW

ORDER GRANTING
MOTION TO DISMISS
(Docket No. 25),
GRANTING LEAVE TO
AMEND AND SETTING
CASE MANAGEMENT
CONFERENCE

Plaintiff Jon C. Amedee asserts various mortgage-related claims against Defendants Citimortgage, Inc. (CMI), Mortage Electronic Registration Systems, Inc. (MERS), and Morgan Stanley.[1] CMI moves to dismiss Plaintiff's first amended complaint (1AC). Plaintiff has filed an opposition.[2]  The Court took the motion under submission on the papers.  Having considered the arguments

_____

[1] There is no indication that Plaintiff has served Defendants MERS or Morgan Stanley in accordance with Federal Rule of Civil Procedure 4(m).  Rule 4(m) requires service on a defendant within 120 days after the complaint is filed.  Plaintiff shall serve MERS and Morgan Stanley within fourteen days of the date of this order, or Plaintiff's claims against them will be dismissed without prejudice for failure to prosecute.  The Court notes that many of the claims against MERS and Morgan Stanley can likely be dismissed for the same reasons that they are dismissed against CMI.

[2] Plaintiff's opposition appears to be cut and pasted from the opposition to a demurrer in another case.  The caption page of the opposition indicates that opposition is to a demurrer filed by parties including EMC Mortgage Corporation, J.P. Morgan Chase and Chase Home Finance, none of which are involved in the instant case.  The text of the opposition discusses the actions of U.S. Bank, which also is not involved in the instant case.  Moreover, the opposition discusses causes of action not alleged in the 1AC and arguments not raised in CMI's motion to dismiss.  Accordingly, the Court does not address the arguments raised in the opposition.

United States District Court
For the Northern District of California

presented by the parties, the Court GRANTS the motions to dismiss and GRANTS Plaintiff leave to amend.

BACKGROUND

I.    Facts

The following summary is taken from certain documents of which the Court takes judicial notice.[3]

In September 2003, Plaintiff obtained a refinance loan funded by Wausau Mortgage Corporation in the principal amount of $219,000.  Request for Judicial Notice (RFJN), Ex. A.  The loan was secured by a deed of trust encumbering the real property located at 9012 Palmera Court, Oakland California.  Id.  The beneficiary of the deed of trust was MERS.  Id.  In July 2006, MERS assigned its beneficial interest in the deed of trust to CMI. RFJN, Ex. B.

Between July 2006 and August 2008, four notices of default were recorded on Plaintiff's loan.  RFJN, Exs. C, E, G, H, J and K.  Each of those notices was rescinded.  RFJN, Exs. D, F, I, L. In May 2009, Plaintiff entered into a Loan Modification Agreement with CMI.  On August 20, 2010, another notice of default was recorded on Plaintiff's loan.  RFJN, Ex. N.  On the same date, a substitution of trustee was recorded, substituting CR Title for CMI as trustee under the dead of trust.  RFJN, Ex. O.

On November 22, 2010, CR Title executed a notice of trustee's sale.  RFJN, Ex. P.  On January 13, 2011, the property was sold at

_____

[3] CMI asks, and Plaintiff does not oppose, that the Court take judicial notice of various recorded documents associated with Plaintiff's purchase of the property, his refinance of his mortgage, and the foreclosure sale.  The Court GRANTS CMI's request.

United States District Court
For the Northern District of California

the trustee's sale to the Federal National Mortgage Association. RFJN, Ex. Q.  It appears that Plaintiff is still living in the foreclosed upon property.

II.  Procedural history

Plaintiff initiated this case on May 31, 2013 in Alameda County Superior Court, naming CMI as the only Defendant.  On July 2, 2013, CMI removed the action to federal court.[4]  Docket No. 1.

On July 9, 2013, CMI filed a motion to dismiss Plaintiff's complaint and a motion to strike certain portions of Plaintiff's complaint.  Docket Nos. 8, 9.  On August 6, 2013, CMI filed a notice that its motions to dismiss and strike had not been opposed.  Docket No. 17, 19.  On August 14, 2013, Plaintiff filed oppositions to CMI's motion and his 1AC, adding as Defendants MERS and Morgan Stanley.  The 1AC asserts thirteen claims against all Defendants: (1) unfair business practices in violation of California's Unfair Competition Law (UCL); (2) breach of the covenant of good faith and fair dealing; (3) slander of title; (4) alter ego liability; (5) breach of contract; (6) unjust enrichment; (7) another claim of unfair business practices in violation of § 17200; (8) predatory lending; (9) violation of California Civil Code section 2923.5; (10) defamation; (11) false light; (12) to void or cancel assignment of dead of trust; and (13) cancellation of a voidable contract.

AS CMI notes, the deadline for Plaintiff to file an amended complaint without leave of court was July 30, 2013, twenty-one

---

[4] As of that date, CMI had not been served with the Superior Court complaint.  Accordingly, its notice of removal was timely under 28 U.S.C. § 1446(b).

United States District Court
For the Northern District of California

days after CMI served its motion to dismiss.  <u>See</u> Fed. Rule Civ.

P. 15(a)(1)(B).  Plaintiff's 1AC was not timely.  Nevertheless,

the parties have fully briefed a motion to dismiss the 1AC.

Moreover, Plaintiff is a pro se litigant and Rule 15(a)(2)

provides that courts "should freely give leave [to amend] when

justice so requires."  Accordingly, the Court grants Plaintiff

leave to file his 1AC.

CMI has also filed a motion to strike.  Docket No. 26.  The

Court DENIES the motion to the extent CMI seeks to strike

Plaintiff's complaint in its entirety based on its late filing.

Because the Court dismisses each of the claims in the 1AC, the

Court DENIES the motion to strike as moot to the extent it seeks

to strike particular paragraphs of the complaint.

<div align="center">LEGAL STANDARD</div>

A complaint must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to

state a claim, dismissal is appropriate only when the complaint

does not give the defendant fair notice of a legally cognizable

claim and the grounds on which it rests.  <u>Bell Atl. Corp. v.

Twombly</u>, 550 U.S. 544, 555 (2007).  In considering whether the

complaint is sufficient to state a claim, the court will take all

material allegations as true and construe them in the light most

favorable to the plaintiff.  <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d

896, 898 (9th Cir. 1986).  However, this principle is inapplicable

to legal conclusions; "threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements," are not

<div align="left" style="writing-mode: vertical-rl"><b>United States District Court</b><br>For the Northern District of California</div>

<div align="center">4</div>

taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(citing Twombly, 550 U.S. at 555).

A statute of limitations defense may be raised by a motion to
dismiss if the running of the relevant statute of limitations is
apparent on the face of the complaint.  Ledesma v. Jack Stewart
Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987).  When a
motion to dismiss is based on the running of a statute of
limitations, the motion can be granted "only if the assertions of
the complaint, read with the required liberality, would not permit
the plaintiff to prove that the statute was tolled."  Jablon v.
Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (citation
omitted).

When granting a motion to dismiss, the court is generally
required to grant the plaintiff leave to amend, even if no request
to amend the pleading was made, unless amendment would be futile.
Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
F.2d 242, 246-47 (9th Cir. 1990).  In determining whether
amendment would be futile, the court examines whether the
complaint could be amended to cure the defect requiring dismissal
"without contradicting any of the allegations of [the] original
complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th
Cir. 1990).

DISCUSSION

I.   Unfair Competition Law--Claims 1 and 7

CMI moves to dismiss Plaintiff's first and seventh causes of
action for violation of the UCL.  The UCL prohibits "any unlawful,
unfair or fraudulent business act or practice."  Cal. Bus. & Prof.
Code § 17200.  The UCL incorporates other laws and treats

violations of those laws as unlawful business practices independently actionable under state law. <u>Chabner v. United Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state or local law may serve as the basis for a UCL claim. <u>Saunders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39 (1994). In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law." <u>Olszewski v. Scripps Health</u>, 30 Cal. 4th 798, 827 (2003). Under the UCL, "a fraudulent business practice is one in which members of the public are likely to be deceived." <u>Morgan v. AT&T Wireless Servs., Inc.</u>, 177 Cal. App. 4th 1235, 1254 (2009).

Plaintiff's first cause of action alleges, "By failing to comply with the legal prerequisites for foreclosure proceedings, defendants, and each of them, are engaging in unfair business practices such as to justify the relief sought under the UCL." 1AC ¶ 37. Plaintiff's seventh cause of action alleges that he is

> informed and believe[s] and thereon allege[s] that defendants continue in their fraudulent business which include but are not limited to: 1) promising homeowners loan modifications that defendants have no intention of actually providing; 2) by routinely issuing NOD's without first complying with the legal requirements of California Civil Code section 2923.5; 3) by repeatedly demanding documentation from borrowers with full knowledge or in reckless disregard of the fact that said documentation had already been provided; 4) by continuing to demand and accept mortgage payments that have in fact foreclosed; 5) by intentionally misleading Plaintiffs' [sic] into believing that a foreclosure had not occurred or that one had been entered in "error."

1AC ¶ 59.

Defendant argues that both of Plaintiff's UCL claims fail for several reasons. First, Defendant argues that Plaintiff lacks

standing to bring a UCL claim.  California Business and Professions Code section 17204 requires a plaintiff "to show that she has lost money or property sufficient to constitute an injury in fact under Article III of the Constitution, and also requires a causal connection between [the] alleged UCL violation and [the plaintiff's] injury in fact."  <u>Rubio v. Capital One Bank</u>, 613 F.3d 1195, 1204 (9th Cir. 2010) (internal quotation marks and citations omitted).  Defendant asserts that Plaintiff has failed to allege "any conduct . . . on the part of CMI resulting in any loss of money or property."  Motion to Dismiss at 6.  However, Plaintiff has clearly alleged that the foreclosure was a result of Defendants' alleged actions.  Accordingly, to the extent that Plaintiff has alleged actionable misconduct by CMI, Plaintiff has alleged facts sufficient to establish his standing to pursue a UCL claim.

> A.   Unlawful Business Practice

Plaintiff alleges that Defendant committed "violations of Home Owners Loan Act of 1933, 12 USC 1461," "fail[ed] to comply with the legal prerequisites for foreclosure proceedings," and issued notices of default "without complying with the legal requirements of California Civil Code section 2923.5"  1AC ¶¶ 18(b), 37, 59.  These broad assertions, unsupported by factual allegations are not sufficient to establish a UCL cause of action.

> B.   Fraudulent Business Practices

"A fraudulent business practice is one in which members of the public are likely to be deceived."  <u>Morgan</u>, 177 Cal. App. 4th at 1254.  Claims premised on fraudulent lending practices must satisfy Rule 9(b).  <u>Tayag v. Nat'l City Bank</u>, 2009 U.S. Dist.

LEXIS 33260, *6 (N.D. Cal.).  Plaintiff's UCL claim based on fraudulent business practices is dismissed because the allegations regarding these practices lack the required particularity. Plaintiff does not specify what role, if any, CMI played in any of the alleged misrepresentations or concealments.  Moreover, Plaintiff does not plead with particularity any of the false or misleading statements.

### C.   Unfair Business Practices

To support his claim for unfair business practices, Plaintiff alleges that Defendants failed to comply "with the legal prerequisites for foreclosure proceedings."  1AC ¶ 37.  The Court presumes that the injury Plaintiff seeks to remedy is the foreclosure sale of his home.

To amount to an unfair business practice (1) the injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) the injury must be one that the consumer could not reasonably have avoided.  Camacho v. Automobile Club of Southern California, 142 Cal. App. 4th 1394, 1402 (2006) (adopting one of three possible definitions of unfair business practice).

Plaintiff's claim fails under the Camacho test.  The alleged injury suffered by Plaintiff--the foreclosure sale--even if caused by Defendants, could have been avoided if Plaintiff had made timely mortgage payments.  See Camacho, 142 Cal. App. 4th at 1406 (even if plaintiff alleged he was injured, fact is that he could have avoided action taken by defendants by obtaining insurance as the law requires).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Therefore, Plaintiff fails to state a claim under the

2  unfairness prong of the UCL.

3    Plaintiff's UCL claims are dismissed.  Plaintiff is granted

4  leave to amend to cure the noted deficiencies, if he can

5  truthfully do so.

6  II.  Breach of the Implied Covenant of Good Faith and Fair Dealing

7    Plaintiff alleges, "Because the parties stood in the

8  relationship of Consultant and Client, Plaintiff was in a

9  vulnerable and dependent position, of which Defendants were

10 aware."  1AC ¶ 38.  Plaintiff further alleges that Defendants

11 "committed a breach of the implied covenant of good faith and fair

12 dealing."  1AC ¶ 39.

13   "Generally every contract  . . .  imposes upon each party a

14 duty of good faith and fair dealing in its performance and its

15 enforcement."  McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th

16 784, 799 (2008) (internal quotation marks and citations omitted).

17 However, under California law, "no cause of action for the

18 tortious breach of the implied covenant of good faith and fair

19 dealing can arise unless the parties are in a 'special

20 relationship' with 'fiduciary characteristics.'"  Pension Trust

21 Fund v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002)

22 (citing Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726,

23 730 (1989)).  "A central test of whether a lender is subject to

24 this tort is whether there is a fiduciary relationship in which

25 the financial dependence or personal security by the damaged party

26 has been entrusted to the other."  Id.

27   Although Plaintiff suggests that a special relationship

28 exists between the parties, describing the relationship as that of

9

**United States District Court**
For the Northern District of California

"Consultant and Client," California courts have specifically held that "a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstances." Resolution Trust Corp. v. BVS Development, Inc., 42 F.3d 1206, 1214 (9th Cir. 1994) (citing Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991)). "Special circumstances" giving rise to such duties may exist when a "lender actively participates in the financed enterprise beyond the domain of the usual money lender." Nymark, 231 Cal. App. 3d at 1089. Plaintiff has not alleged that CMI has done so.

Moreover, "to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." Reiydelle v. J.P. Morgan Chase Bank, N.A., 2014 U.S. Dist. LEXIS 10543, *29 (N.D. Cal.). Plaintiff has not identified any such provision.

Accordingly, the Court dismisses Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. Plaintiff is granted leave to amend the deficiencies noted above if he can do so truthfully and without contradicting the allegations in his prior pleadings.

III. Slander of Title

In Plaintiff's third cause of action for slander of title, he seeks "a judicial declaration declaring that the recording of the Notice of Default and Notice of Sale constitutes a cloud of Plaintiffs' title; and the same be declared invalid and expunged." 1AC ¶ 46.

United States District Court
For the Northern District of California

"Slander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof 'some special pecuniary loss or damage.'" <u>Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings</u>, 205 Cal. App. 4th 999, 1030 (2012) (quoting <u>Fearon v. Fodera</u>, 169 Cal. 370, 379-80 (1915)). The elements of a claim for slander of title under California law are (1) publication, (2) falsity, (3) absence of privilege and (4) "'disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss.'" <u>Smith v. Commonwealth Land Title Ins. Co.</u>, 177 Cal. App. 3d 625, 630 (1986) (quoting <u>Appel v. Burman</u>, 159 Cal. App. 3d 1209, 1214 (1984)). Under California law, the "mailing, publication, and delivery of notices" required as part of the nonjudicial foreclosure process are considered privileged communications. <u>See</u> Cal. Civ. Code § 2924(d)(1). Therefore, Plaintiff must also allege that the recording was done with malice, that is, that it "was motivated by hatred or ill will" or "the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." <u>Kachlon v. Markowitz</u>, 168 Cal. App. 4th 316, 336 (2008) (internal quotations omitted).

Plaintiff simply alleges that Defendants violated various federal and state laws in their dealings with him and that the recording of the notice of sale "was in violation of statutory rules governing foreclosure sales, and the Trustee and beneficiary both failed to follow the statutory rules for a valid foreclosure under the California Civil Code and the intended or purported

foreclosure sale, is therefore, void." 1AC ¶ 43.  Plaintiff has not identified any evidence of falsity.  Even assuming that CMI violated laws and regulations in its dealings with Plaintiff, Plaintiff has not alleged that CMI did not have the authority to enforce the terms of the deed of trust when Plaintiff defaulted on the loan.  Moreover, Plaintiff has made no allegations of malice.

Accordingly, the Court DISMISSES Plaintiff's claim for slander of title.  Plaintiff is granted leave to amend the deficiencies noted above if he can do so truthfully and without contradicting the allegations in his prior pleadings.

IV.   Alter Ego Liability

In his fourth cause of action, Plaintiff alleges that CMI is "the alter ego of defendant Morgan Stanley." 1AC ¶ 48.  "A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief . . ., but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice." Hennessey's Tavern, Inc. v. American Air Filter Co., 204 Cal. App. 3d 1351, 1359 (1988).

The Court DISMISSES Plaintiff's claim for alter ego liability.  Because Plaintiff cannot cure the deficiencies of this claim by amending his complaint, the claim is dismissed with prejudice.

V.   Breach of Contract

Plaintiff alleges that he attempted to modify his loan in June 2011 but "Defendant refused to agree to reasonable debt

reduction terms and conditions sufficient to validate a viable

loan adjustment plan."  1AC ¶ 51.  Plaintiff further alleges,

> By performing the acts described herein, Defendants
> continually breached their contractual obligations under
> the loan modification agreement(s).  Despite demand,
> Defendants refused to adjust the loan to present market
> value with a resulting reduction in monthly mortgage
> payments.  Plaintiffs have complied with all covenants
> and conditions except for those but for the breaches,
> suppression, concealment and wrongful acts of
> defendants, we were prevented from performing.

1AC ¶ 52.

"The elements of a cause of action for breach of contract

are: 1) the existence of the contract; 2) performance by the

plaintiff or excuse for nonperformance; 3) breach by the

defendant; and 4) damages."  <u>McNeary-Calloway v. JP Morgan Chase

Bank, N.A.</u>, 863 F. Supp. 2d 928, 954 (N.D. Cal. 2012).

According to the 1AC, the only contract that exists between

CMI and Plaintiff is the 2009 loan modification agreement.

Plaintiff does not identify any terms of the 2009 loan

modification agreement that required CMI to modify Plaintiff's

loan further upon "demand" by Plaintiff.  Accordingly, Plaintiff

has not plead sufficient facts to support a claim that Defendant

breached the contract.  Moreover, Plaintiff only makes a bare

assertion that any failure to perform on his part was excusable.

However, Plaintiff also alleges that he only "maintain[ed] a

history of consistent timely monthly mortgage payments until it

became economically impossible to meet the monthly obligation."

1AC ¶ 29.  Plaintiff alleges that the "cost of maintenance,

upkeep, insurance, repairs, and taxes are constantly increasing."

<u>Id.</u>  These allegations contradict his assertion that any non-

payment was excused.

13

**United States District Court**
For the Northern District of California

Accordingly, the Court DISMISSES Plaintiff's fifth cause of action for breach of contract.  Plaintiff is granted leave to amend the deficiencies noted above if he can do so truthfully and without contradicting the allegations in his prior pleadings.

VI.   Unjust Enrichment

CMI argues that Plaintiff cannot state a claim for unjust enrichment because it is not a cause of action but rather a general principle underlying various doctrines and remedies.

California courts are split as to whether there is an independent cause of action for unjust enrichment.  Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1270-71 (C.D. Cal. 2007) (applying California law).  One view is that it is a general principle underlying various legal doctrines and remedies. McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004).  Another view is that it is a cause of action and its elements are receipt of a benefit and unjust retention of the benefit at the expense of another.  Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000).  Determining whether it is unjust for a person to retain a benefit may involve policy considerations.  First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1663 (1992).

To support his unjust enrichment claim, Plaintiff alleges, "By their wrongful acts and omissions, all named defendants have been unjustly enriched at the expense of Plaintiff, and thus Plaintiff ha[s] been unjustly deprived."  1AC ¶ 54.  Plaintiff seeks "an order of the Court disgorging all profits, benefits, and other compensation obtained by these defendants from their wrongful conduct."  1AC ¶ 55.

However, the relationship between Plaintiff and Defendant is governed by a contract. Under California law, "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." Paracor Fin., Inc. v. GE Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) (citing Wal-Noon Corp. v. Hill, 45 Cal. App. 3d 605, 613 (1975)).

Accordingly, the Court dismisses Plaintiff's unjust enrichment claim. Because the claim cannot be amended to cure the defect, the dismissal is with prejudice.

VII. Predatory Lending

Plaintiff's eighth cause of action alleges a claim for "Predatory Lending Violation of Truth in Lending." 1AC at 17. The cause of action does not cite either the federal Truth in Lending Act or California's Predatory Lending Act. Nonetheless, the factual allegations made in support of this claim concern "closing costs" and lack of disclosure of "a yield spread premium paid directly or indirectly, in whole or in part to a mortgage loan officer." 1AC ¶ 63. As CMI points out, it was not involved in the origination of the loan. Accordingly, this claim must be dismissed. Plaintiff also alleges on information and belief that "defendants committed other acts which rise to the level of predatory lending." 1AC ¶ 64. If Plaintiff is able truthfully to allege specific actions by CMI to support a predatory lending claim, he may do so in an amended complaint.

VIII. Violation of California Civil Code section 2923.5

Plaintiff's ninth cause of action alleges a violation of California Civil Code section 2923.5. However, the California

courts have held that the private right of action under section

2923.5 "is limited to obtaining a postponement of an impending

foreclosure to permit the lender to comply with section 2923.5."

Mabry v. Superior Court, 185 Cal. App. 4th 208, 214 (2010).  The

foreclosure sale took place in January 2011.  Accordingly,

Plaintiff cannot seek relief under section 2923.5.

    Plaintiff's ninth cause of action also requests declaratory

relief.  When a claim for declaratory relief is removed to federal

court, the court must conduct its analysis under the Declaratory

Judgment Act (DJA).  See Golden Eagle Ins. Co. v. Travelers Cos.,

103 F.3d 750, 753 (9th Cir. 1996), overruled on other grounds by

Gov't Emps. Ins. v. Dizol, 133 F.3d 1220 (9th Cir. 1998); see also

Gamble v. GMAC Mortgage Corp., 2009 WL 400359, at *2 (N.D. Cal.).

The DJA permits a federal court to "declare the rights and other

legal relations" of parties to "a case of actual controversy."  28

U.S.C. § 2201; see Wickland Oil Terminals v. Asarco, Inc., 792

F.2d 887, 893 (9th Cir. 1986).  The "actual controversy"

requirement of the DJA is the same as the "case or controversy"

requirement of Article III of the United States Constitution.

American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir.

1993).  There is no current case or controversy between Plaintiff

and CMI with respect to his section 2923.5 claim.  As discussed

above, the foreclosure sale already took place.

    The Court dismisses Plaintiff's section 2923.5 claim.

Because the claim cannot be amended to cure the defect, the Court

dismisses the claim with prejudice.

IX.   Defamation

Plaintiff's tenth cause of action is a claim for defamation. Under California law, a claim for defamation requires the intentional publication of a fact that is false, unprivileged, and has a tendency to injure.  Cal. Civil Code §§ 44-46.  Plaintiff alleges, "By making the false statements to credit reporting agencies as noted above, defendants made false allegations which have damaged their credit and have in fact caused injury to their reputation as a result."  1AC ¶ 73.  However, there is no discussion anywhere else in the complaint of any false statements made by CMI to any credit reporting agency.  Accordingly, Plaintiff has failed to allege the publication of any false statements.

Defendant also argues that Plaintiff's defamation claim is preempted by the Fair Credit Reporting Act (FCRA).  However, the FCRA preempts claims of defamation against a person who furnishes information to a consumer reporting agency unless the false information is furnished with malice or willful intent to injure a consumer.  15 U.S.C. § 1681h(e).  Plaintiff alleged that any false information was provided with malice.

The Court dismisses Plaintiff's tenth cause of action. Plaintiff is granted leave to amend the deficiencies noted above if he can do so truthfully and without contradicting the allegations in his prior pleadings.

X.   False Light

Plaintiff next alleges that Defendants invaded his privacy by placing him in a false light when they "published the aforementioned information to others."  1AC ¶ 84.  Under

United States District Court
For the Northern District of California

California law, there are three elements of a claim for invasion of privacy.  There must be a public disclosure of private facts and "the matter made public must be one which would be offensive and objectionable to a reasonable person of ordinary sensibilities." <u>Sipple v. Chronicle Publ'g Co.</u>, 154 Cal. App. 3d 1040, 1045 (1984).

Plaintiff has not alleged which private facts were disclosed or that such disclosure was offensive.  Accordingly, the Court dismisses this claim.  Plaintiff is granted leave to amend the deficiencies noted above if he can do so truthfully and without contradicting the allegations in his prior pleadings.

XI.  Claim to Void or Cancel Assignment of Deed of Trust

Plaintiff's twelfth cause of action alleges, "The assignment of the deed of trust is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the facts that CITIMORTGAGE, INC., MERS, MORGAN STANLEY nor any of the foreclosing defendants did not have standing or the legal authority to assign the deed of trust which purportedly secured the Note, and which severed [sic] as the basis for a claim to have the right to conduct a non-judicial foreclosure.  Thus, the assignment of the deed of trust was at all times void." 1AC ¶ 91. Plaintiff alleges no facts to support his claim that any of the assignments of the deed of trust was conducted without legal authority.  Accordingly, the Court dismisses this claim. Plaintiff is granted leave to amend the deficiencies noted above if he can do so truthfully and without contradicting the allegations in his prior pleadings.

United States District Court
For the Northern District of California

1  XII. Cancellation of a Voidable Contract

2      Plaintiff's thirteenth cause of action seeks to void the

3  assignment of the deed of trust from MERS to CMI.  Plaintiff

4  alleges that MERS was operating in California "without registering

5  as a foreign corporation to avoid paying taxes to the state."  1AC

6  ¶ 95.  On that basis, Plaintiff asserts that the deed of trust "is

7  voidable by Plaintiffs pursuant to Rev & Tax Code §§ 23304.1,

8  23304.1(b), and 23305a."  1AC ¶ 96.

9      Assuming without deciding that MERS should have been

10 registered with the state of California at the time it transferred

11 the deed of trust to CMI in 2006, its failure to register was

12 forgiven as of July 21, 2010, the date it registered with the

13 state.  "California courts have held that an unregistered

14 corporation, upon registering, 'is restored to full legal

15 competency and [has] its prior transactions given full effect.'".

16 Perlas v. Mortgage Elec. Registration Systems, Inc., 2010 WL

17 3079262, *7 (N.D. Cal.) (quoting United Medical Management Ltd. v.

18 Gatto, 49 Cal. App. 4th 1732, 1741 (1996)) (alterations in

19 original).  According to the California Secretary of State's

20 online records, MERS has maintained an active registration since

21 July 21, 2010.

22     Accordingly, the Court dismisses Plaintiff's thirteenth cause

23 of action.  Because any amendment would be futile, the dismissal

24 is with prejudice.

25                          CONCLUSION

26     For the reasons set forth above, the Court GRANTS CMI's

27 motion to dismiss (Docket No. 25) and DENIES CMI's motion to

28 strike (Docket No. 26).  Within fourteen days of the date of this

**United States District Court**
For the Northern District of California

1  order, Plaintiff may file a second amended complaint to remedy the

2  deficiencies identified above.  He may not add further claims or

3  allegations not authorized by this order, nor may he replead the

4  claims that have been dismissed with prejudice.

5       If Plaintiff files a second amended complaint, Defendant

6  shall respond to it within fourteen days after it is filed.  If

7  Defendant files a motion to dismiss, Plaintiff shall respond to

8  the motion within fourteen days after it is filed.  Plaintiff must

9  file a brief that responds only to the arguments raised in

10  Defendant's motion.  If Plaintiff files an opposition that is

11  inapplicable to this case or does not respond to Defendant's

12  arguments, the Court will consider the motion to be unopposed and

13  will grant it.  Defendant's reply, if necessary, shall be due

14  seven days thereafter.  Any motion to dismiss will be decided on

15  the papers.

16       The Court sets a case management conference for May 28, 2014

17  at 2:00 p.m.

18       IT IS SO ORDERED.

19

20  Dated: 3/17/2014

CLAUDIA WILKEN
United States District Judge